UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RHINO MEMBRANES AND COATINGS INC, | } } } | |
| Plaintiff, | } | |
| VS. | } } | CIVIL ACTION NO. H-06-2112 |
| RHINO SEAMLESS MEMBRANE SYSTEMS INC; EUROTEX INTERNATIONAL, INC., HISHAM WASFI AYOUB; MOHAMMAD WASFI AYOUB; and *In Rem* "Rhino SMS. com" | } } } } } } } | |
| Defendant. | } | |

**MEMORANDUM, OPINION AND ORDER OF CONTEMPT**

Pending before the court is Plaintiff, Rhino Membranes and Coatings Inc.'s, motion for civil contempt (Doc. 37) for violation of this court's order of preliminary injunction (Doc. 27). On January 31, 2007, a hearing was held on Plaintiff motion. Plaintiff submitted evidence, both testimonial and documentary, of Defendants' violations of the preliminary injunction order. At the close of Plaintiff's evidence, Defense Counsel moved for a continuance to allow defendant Hisham Ayoub to travel to the United States to give testimony. The court granted the motion and recessed the hearing until February 21, 2007. On February 21st, Plaintiffs, Plaintiffs' counsel, and Defense Counsel appeared. Hisham Ayoub, however, did not.

A party moving for civil contempt must demonstrate by clear and convincing evidence: (1) that a valid court order was in effect; (2) that the order required certain conduct by the respondent; and (3) that the respondent failed to comply with the court's order. *F.D.I.C. v. LeGrand*, 43 F.3d 163, 170 (5th Cir. 1995) (citing *Martin v. Trinity Indus., Inc.*, 959 F.2d 45, 47 (5th Cir. 1992)); *see also Piggly Wiggly Clarksville, Inc. v. Mrs. Baird's Bakeries*, 177 F.3d

380, 382 (5th Cir. 1999). In the civil contempt context, clear and convincing evidence requires proof "so clear, direct, weighty and convincing as to enable the fact finder to come to a clear conviction, without hesitancy, of the truth of the precise facts of the case." *United States v. Cornerstone Wealth Corp*., No. 3:98-cv-0601-D, 2006 U.S. Dist. LEXIS 8294, at *5-6 (N.D. Tex. March 3, 2006) (quoting *Travelhost, Inc. v. Blandford*, 68 F.3d 958, 961 (5th Cir. 1995).

After reviewing Plaintiffs' evidence, which includes photographic, documentary and testimonial accounts of Defendants' violations, the court **FINDS** that Defendants Rhino Seamless Membrane Systems Inc., Eurotex International Inc., Hisham Wasfi Ayoub and Mohammad Wasfi Ayoub have violated this court's order by their continued unauthorized use of the Plaintiff's RHINO trademark (violation of ¶ 1); continued unauthorized representations that they own the RHINO Trademarks and RHINO Trademarked Technology (violation of ¶ 2); continued activities that unfairly compete with Plaintiff (violation of ¶ 5); continued use of the rhinoceros caricature logo in violation of the copyright held by Plaintiff Rhino MCI in such RHINO Original Works (violation of ¶ 6); continued unauthorized use of Plaintiff Rhino MCI's trade secrets and confidential information regarding waterproofing formulations, including asphalt, soap and latex requirements (violation of ¶ 7); continued use of the RhinoSMS.com domain name following entry of the preliminary injunction; and continued assertions of their Saudi Arabian Trademark against Plaintiff and Plaintiffs' business relations in the Territory (violation of ¶ 9). *American Airlines, Inc. v. Allied Pilots Ass'n,* 228 F.3d 574, 581 (5th Cir. 2000); *Test Masters Educational Serv., Inc. v. Singh*, 428 F.3d 559, 581-82 (5th Cir. 2005); *Blackmer v. United States,* 284 U.S. 421 (1932) (the court's contempt power may reach United States citizens residing overseas).

Based on the forgoing facts, the court **FINDS** the Defendants, jointly and severally, in

contempt of court for their repeated violations of this court's preliminary injunction order entered July 14, 2006.

The court further **FINDS** that Plaintiff has sustained monetary losses and incurred costs and expenses, including reasonable attorney's fees, as a result of Defendants' contempt of court.

The court further **ORDERS** that Defendants shall, by 5:00 p.m. on the 28th day of February, 2007, pay by certified funds to Plaintiff Rhino Membranes and Coatings, Inc. (c/o counsel of record for plaintiff) the sum of one million, seven hundred forty-five thousand, six hundred sixteen dollars ($1,745,616.00) to compensate Plaintiff for the losses sustained by Plaintiff as a result of the Defendants' contempt of court.

The court further **ORDERS** that Defendants shall, by 5:00 p.m. on the 28th day of February, 2007, also pay by certified funds to Plaintiff Rhino Membranes and Coatings, Inc. (c/o counsel of record for plaintiff) an award of Plaintiff's reasonable attorney's fees the sum of twenty-eight thousand, four hundred eighty-four dollars ($28,484.00) to compensate Plaintiff for the legal fees and expenses it sustained as a result of the Defendants' contempt of court..

The court further **ORDERS** that the $25,000 bond previously posted by Plaintiff pursuant to this court's preliminary injunction order of July 14, 2006 be reduced to the following amount: $1,000.00 and that the clerk of the court refund to Plaintiff's counsel of record, Gordon G. Waggett, P.C., the following amount: $24,000.00 upon counsel for Plaintiff's presentation to the clerk of court of a copy of this order.

The court further **ORDERS** that the Defendants shall file with the court by 5:00 p.m. on the 28th day of February, 2007, a written statement documenting the Defendants' compliance with this order.

Signed at Houston, Texas this 22nd day of February, 2007.

_____
Melinda Harmon
United States District Judge